UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

BOFI FEDERAL BANK,

                                        Plaintiff,

        -against-                                                   Civil Action
                                                                    No.  1:16-CV-1463[GTS/CFH]

NEW YORK STATE GAMING COMMISSION,
UNITED STATES OF AMERICA (INTERNAL
REVENUE SERVICE), NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE,
and CONSTANCE MONATH, as Executrix of the
Estate of Eric Monath,

                                        Defendants.

_____

## COMPLAINT

        BofI Federal Bank, by its attorneys, Hodgson Russ LLP, as and for its Complaint, alleges:

        1.      Plaintiff BofI Federal Bank ("BofI") is a federally chartered banking institution

having a principal place of business at 4350 La Jolla Village Drive, Suite 140, San Diego,

California, 92122.  Plaintiff claims a lien against lottery winnings due the Estate of Eric Monath

in the approximate amount of $75,000.00 plus accruing interest.

        2.      The United States of America (Internal Revenue Service) is named as a Defendant

in this action because of its Notice of Levy served August 26, 2014 on the New York State Gaming

Commission (Division of Lottery) against Eric Monath in the amount of $744,875.00.  A copy of

the Internal Revenue Service Final Demand for Payment identifying the date of the Notice of Levy

is annexed hereto as Exhibit "A".

        3.      The New York State Department of Taxation and Finance is made a Defendant in

this action because of its claim for unpaid taxes against Eric Monath.  Upon information and belief,

the amount still due is approximately $190,000.00.

4.      The New York State Gaming Commission is named as a Defendant in this action because it is holding approximately $330,000.00 to be paid to the Estate of Eric Monath in various installments.

5.      Constance Monath is named as a Defendant in this action in her capacity as Court appointed fiduciary for the Estate of Eric Monath following his death on November 25, 2014.  She was appointed by the Suffolk County Surrogate's Court.

## STATEMENT AS TO JURISDICTION
## UNDER 28 U.S.C. §2410(a)

6.      This Court has jurisdiction pursuant to 28 U.S.C. §2410(a) to hear and determine all cases in which the priority of lien claims of the United States of America (Internal Revenue Service) on personal property are at issue.

7.      At issue in this case is the relative priority of all of the claims of Plaintiff and Defendants to remaining lottery winnings due to the Estate of Eric Monath consisting of an installment of $70,000.00 due on September 14, 2014, and sixteen (16) annual installments in the amount of $16,670.00 each due on the fifteenth (15th) day of September commencing September 15, 2015 and concluding on September 15, 2030.

8.      Upon information and belief, none of the payments described above have been made by the New York State Gaming Commission pending resolution of the issues set forth herein including the claim of the United States of America (Internal Revenue Service).

9.      Proceedings in the New York State Supreme Court for the County of Schenectady to resolve the priority of claims to these funds were dismissed because of the failure to name the United States of America as a party Defendant.

- 2 -

10.     Upon information and belief, there are sufficient funds to pay all sums due to Plaintiff and the New York State Department of Taxation and Finance as well as a small balance that might be available to pay to the United States of America on the Internal Revenue Service levy, but there are no unencumbered funds for the Estate of Eric Monath.

## STATEMENT AS TO VENUE
## UNDER 28 U.S.C. §1391(b)(1)

11.     The New York State Gaming Commission which, upon information and belief, is still holding the undistributed lottery installment payments, is located in Schenectady, New York, in the Northern District of New York.

12.     The New York State Department of Taxation and Finance is located in Albany, New York, in the Northern District of New York.

13.     Venue is based on the location of the individual lottery funds and the Defendants' place of business or residence pursuant to 28 U.S.C. §1391(b)(1).

## STATEMENT AS TO CLAIM

14.     Eric Monath obtained a loan from Plaintiff in the amount of $70,000.00 and granted Plaintiff a security interest in all remaining unassigned lottery winnings.

15.     Plaintiff filed its Uniform Commercial Code ("UCC") Financing Statement perfecting its claim to said winnings on May 15, 2013.

16.     As of that date, according to an Affidavit submitted by the Director of Prize Payments for the New York State Lottery Commission, Eric Monath did not owe child support, domestic assistance, or New York State tax debt.

- 3 -

17.     Upon information and belief, New York State Department of Taxation and Finance filed a Tax Warrant in the amount of $269,458.00 on or about November 8, 2013.

18.     Upon information and belief, the Internal Revenue Service did not file its Notice of Levy in the amount of $744,875.00 until September 2, 2014.

19.     Plaintiff obtained a Judgment against Eric Monath on October 31, 2014 in the amount of $71,502.30.

20.     Upon information and belief, the priority of claims to the undisclosed lottery proceeds is Plaintiff (pursuant to its UCC filed May 15, 2013), the New York State Department of Taxation and Finance (pursuant to its Tax Warrant filed November 8, 2013), and the United States of America (Internal Revenue Service) (pursuant to its Levy filed September 2, 2014).

21.     Plaintiff is further entitled to interest at the Judgment Rate of 9% and reasonable attorneys' fees and expenses in collecting the amount due it under the terms of the Note and Security Agreement Eric Monath executed with Plaintiff.

22.     Upon information and belief, the balance due the New York State Department of Taxation and Finance as of the commencement of this action is approximately $190,000.00.

23.     Upon information and belief, the United States of America will receive a small payment on its filed levy after Plaintiff and the New York State Department of Taxation and Finance are paid in full.

24.     However, the New York State Gaming Commission will not make payment to anyone other than the lottery winner absent a Court Order directing payments to others.

- 4 -

25.     This action is brought to have this Court determine the priority of the claims described above and issue an Order to the New York State Gaming Commission directing payments consistent with the ruling on priority.

**WHEREFORE**, Plaintiff BofI Federal Bank seeks an Order from this Court determining the relative priority of claims to the undisclosed lottery proceeds to Plaintiff, as first priority in the amount of its Judgment of $71,502.30 together with interest and attorneys' fees, the New York State Department of Taxation and Finance in an amount to be determined by the Court, and the balance to the United States of America (Internal Revenue Service), and further ordering the New York State Gaming Commission to make payment to Plaintiff from the undistributed 2014, 2015 and 2015 installments until its claim is paid in full, and then to the New York State Department of Taxation and Finance from all further installments until it is paid in full, and then to the United States of America (Internal Revenue Service), and for whatever and further relief the Court deems just and proper.

DATED:      December 7, 2016

> HODGSON RUSS LLP
> Attorneys for Plaintiff
>
> By:_____
>        RICHARD L. WEISZ
>        (Bar Roll No.  102807)
> 677 Broadway, Suite 301
> Albany, New York  12207
> Email:  rweisz@hodgsonruss.com
> Phone: (518) 465-2333

- 5 -